# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 13-0750V
Filed: April 17, 2014
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RIKI HURST, natural mother and Guardian ad litem for K.M.K., a minor | \* \* \* | |
| Petitioner, | \* | **Dismissal; HPV; Syncope; Seizures** |
| v. | \* \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Carol L. Gallagher, Esq.,* Carol L. Gallagher, Esquire, LLC., Linwood, NJ for petitioner.
*Darryl Wishard, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Gowen,** Special Master:

On September 27, 2013, petitioner, Riki Hurst filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] as natural mother and guardian ad litem for K.M.K., a minor, alleging that K.M.K. experienced syncope and seizures upon administration of the Guardasil vaccine. Petition at 1. On April 8, 2014, petitioner moved for a decision dismissing this petition on the ground that she was unable to develop sufficient evidence to prove her case.

To receive compensation under the Program, petitioner must prove either 1) that K.M.K. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of K.M.K.'s vaccinations, or 2) that K.M.K. suffered an injury that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

was actually caused by a vaccine.  See §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not reveal any evidence that K.M.K. suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that K.M.K.'s alleged injury was vaccine-caused.  In fact, petitioner has acknowledged that her expert, a pediatric neurologist, was unable to render an opinion sufficient to satisfy the Althen[3]  criteria.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, and petitioner has acknowledged that she does not have a medical opinion to support her claim, this petition must be dismissed.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that K.M.K. suffered a "Table Injury" or that K.M.K.'s injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

                                                          **s/Thomas L. Gowen**
                                                          Thomas L. Gowen
                                                          Special Master

---

[3]  A reliable medical expert's opinion must establish "(1) a medical theory causally connecting the vaccination to the injury; (2) a logical sequence of cause and effect showing the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between the vaccination and the injury."  Althen v. Sec'y, HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

[4]  Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.